**Slip Op. 12- 128**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| **CELTA AGENCIES, INC.**, |
| Plaintiff, |
| v. |
| **UNITED STATES**, |
| Defendant. |

Before: Timothy C. Stanceu, Judge

Court No. 10-00168

## OPINION

[Granting defendant's motion to dismiss an action challenging liquidation instructions issued by the U.S. Department of Commerce following an administrative review of an antidumping duty order]

Date: October 9, 2012

*Andrew Jaxa-Debicki*, International Legal and Consulting Services, of Arlington, VA, for plaintiff.

*Aimee Lee*, Senior Trial Counsel, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were *Michael Panzera*, Senior Trial Counsel, *Tony West*, Assistant Attorney General, and *Barbara S. Williams*, Attorney in Charge, International Trade Field Office. Of counsel on the brief was *Yelena Slepak*, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of Washington, DC.

Stanceu, Judge: Plaintiff Celta Agencies, Inc. ("Celta") is the importer of record on an

entry of steel concrete re-enforcing bar and rod ("re-bar") from Latvia that was subject to an

antidumping duty order (the "Order"). Celta challenges the instructions for the liquidation of

entries ("liquidation instructions") that the United States Department of Commerce

("Commerce" or the "Department") issued to United States Customs and Border Protection

("Customs" or "CBP") following the final results of the fourth periodic administrative review of the Order.  Compl. ¶¶ 5, 13 (May 23, 2011), ECF No. 19; *see Notice of Final Results of Antidumping Duty Administrative Review: Steel Concrete Reinforcing Bars from Latvia*, 71 Fed. Reg. 74,900 (Dec. 13, 2006) ("*Final Results*").  Celta claims that the liquidation instructions unlawfully directed Customs to assess duties on Celta's entry at the "all others" duty rate rather than the lower, company-specific rate Commerce assigned in the review to a Latvian producer, Joint Stock Company Liepajas Metalurgs ("Liepajas" or "JSCLM"), which Celta identifies as the producer of the merchandise on the entry.  Compl. ¶¶ 15, 18-23.

Before the court is defendant's motion under USCIT Rule 12(b)(1) to dismiss this case for lack of subject matter jurisdiction.  Def.'s Mot. to Dismiss (Dec. 23, 2011), ECF No. 23 ("Def.'s Mot."); Def.'s Mem. in Supp. of its Mot. to Dismiss (Dec. 23, 2011), ECF No. 23 ("Def.'s Mem.").  The court grants defendant's motion, concluding that the court lacks jurisdiction to hear this action pursuant to Section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(a) (2006),[1] and that the action is untimely according to the two-year statute of limitations applying to cases brought under 28 U.S.C. § 1581(i).

### I. BACKGROUND

Celta made the entry at issue, Entry No. ALA-00005884-4, at the port of San Juan, Puerto Rico on December 7, 2004.  Compl. ¶¶ 5, 8.  The re-bar, which was produced by Liepajas in Latvia and acquired through an intermediary, F.J. Elsner Trading Company, was "subject merchandise," *i.e.* merchandise falling within the scope of the Order.  *Id*. ¶ 5; *see Antidumping Duty Orders: Steel Concrete Reinforcing Bars From Belarus, Indonesia, Latvia, Moldova,*

---

[1] Unless otherwise indicated, further citations to the Customs Courts Act are to the relevant portions of Title 28 of the U.S. Code, 2006 edition.

*People's Republic of China, Poland, Republic of Korea and Ukraine*, 66 Fed. Reg. 46,777

(Sept. 7, 2001) ("*Order*").  The Order set a company-specific antidumping duty cash deposit rate

of 17.21% for subject merchandise from Latvia manufactured by Liepajas; the "all others" cash

deposit rate was also set at 17.21%.  Compl. ¶ 6; *Order*, 66 Fed. Reg. at 46,778.  On

December 22, 2003, Commerce published the final results of the first administrative review of

the Order, *Notice of Final Results of Antidumping Duty Administrative Review: Steel Concrete*

*Reinforcing Bars from Latvia*, 68 Fed. Reg. 71,067.  The final results of the first administrative

review established a cash deposit rate on imports of the subject merchandise manufactured by

Liepajas at 0.87% and left unchanged the "all others" deposit rate of 17.21%.  *Id*. at 71,068.

Upon entry of its re-bar from Latvia, Celta made a cash deposit of 0.87%.  Compl. ¶ 9.

         In 2005, Commerce published a notice announcing the initiation of various administrative

reviews, including the fourth periodic administrative review of the Order.  *Initiation of*

*Antidumping and Countervailing Duty Administrative Reviews*, 70 Fed. Reg. 61,601 (Oct. 25,

2005).  The fourth review pertained to entries of subject merchandise made during the period of

September 1, 2004 through August 31, 2005, during which period Celta's entry was made.  *Id*.

Liquidation of Celta's entry was suspended pending the completion of the review.  Compl. ¶ 10.

On December 13, 2006, Commerce published a notice of the final results of the fourth

administrative review, which determined an assessment rate of 5.94% for imports from Latvia of

re-bar manufactured by Liepajas and a rate of 17.21% for "all others."  *Final Results*, 71 Fed.

Reg. at 74,901.  Celta did not participate in the review and was not the recipient of a separate rate

for the period of the review.  *Id*.  The notice stated that, pursuant to the Department's automatic

assessment regulation, 19 C.F.R. § 351.212(c), "[t]he Department intends to issue assessment

instructions to CBP 15 days after the date of publication of these final results of review" and to

"instruct CBP to liquidate unreviewed entries at the all-others rate if there is no rate for the

intermediate company(ies) involved in the transaction." *Id*.  Later in December 2006, Commerce

issued certain "assessment instructions."  *See* Def.'s Confidential Ex. A, ECF No. A.

On February 17, 2007, Customs issued a Notice of Action assessing additional duties on

Celta's entry.  Compl. ¶ 12.  On March 30, 2007, Customs liquidated Celta's entry with

antidumping duties assessed at the "all others" rate of 17.21%.  *Id*. ¶ 13.  On April 26, 2007,

Celta paid the additional antidumping duty assessment amount of $412,316.29, including

interest, and on June 29, 2007 filed an administrative protest with Customs, claiming "that the

Department's liquidation instructions to Customs . . . was [*sic*] not in accordance with law." *Id*.

¶¶ 14-15.  Customs summarily denied the protest on December 4, 2009.  *Id*. ¶ 16.

Celta filed a summons on June 2, 2010 and a complaint on May 23, 2011.  Summons,

ECF No. 1; Compl. 1.  In its complaint, plaintiff asserted jurisdiction "pursuant to 28 U.S.C.

§ 1581(a), as this action is commenced to contest the denial of a protest under 19 U.S.C. § 1515"

and "[a]lternatively and to the extent that any claim herein is not covered by U.S.C. § 1581(a)

. . . pursuant to 28 U.S.C. § 1581(i)."  Compl. ¶¶ 1-2.

Plaintiff's complaint states three claims, each of which challenges the liquidation

instructions Commerce transmitted to Customs.  *Id*. ¶¶ 18-35.  As relief, plaintiff seeks a

judgment directing Customs to refund all duties deemed improperly assessed and collected, in

addition to interest, on the subject entry.  *Id*., Request for Judgment and Relief.

On December 23, 2011, defendant United States filed its motion to dismiss and

accompanying memorandum of law.  Def.'s Mot.; Def.'s Mem.  Plaintiff responded to

defendant's motion on July 25, 2012, Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 37, and

defendant replied to plaintiff's response on August 23, 2012, Def.'s Reply Mem., ECF No. 40

("Def.'s Reply").

## II. DISCUSSION

The party invoking a court's jurisdiction has the burden of demonstrating the requisite

jurisdictional facts. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Norsk*

*Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006).  From those facts, the

court must glean "the true nature of the action." *Norsk Hydro*, 472 F.3d at 1355 (internal

quotation marks and citation omitted).  In deciding a Rule 12(b)(1) motion to dismiss that does

not challenge the factual basis for the complainant's allegations, the court assumes "all factual

allegations to be true and draws all reasonable inferences in plaintiff's favor." *Henke v. United*

*States*, 60 F.3d 795, 797 (Fed. Cir. 1995).  Where, as here, claims depend upon a waiver of

sovereign immunity, a jurisdictional statute is to be strictly construed. *United States v. Williams*,

514 U.S. 527, 531 (1995).

### A.  The Court May Not Exercise Jurisdiction under 28 U.S.C. § 1581(a)

Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(a), under which the Court of

International Trade has "exclusive jurisdiction of any civil action commenced to contest the

denial of a protest, in whole or in part, under Section 515 of the Tariff Act of 1930."  Tariff Act

of 1930 ("Tariff Act"), § 515, 19 U.S.C. § 1515 (2006).[2]  Compl. 1 ("[T]his action challenges, on

various grounds, the denial of a protest made pursuant to 19 U.S.C. § 1515 against the

assessment of antidumping duties and interest thereon on an entry liquidated by Customs"); Pl.'s

---

[2] Unless otherwise indicated, further citations to the Tariff Act of 1930 are to the
relevant portions of Title 19 of the U.S. Code, 2006 edition.

Resp. 4 ("This action is properly before the Court under 28 U.S.C. § 1581(a) to contest the denial of a protest.").

    In this case, the court could exercise jurisdiction under § 1581(a) only were Celta contesting the denial of a valid protest of a decision "of the Customs Service."  19 U.S.C. § 1514(a).  Ministerial actions by Customs that do no more than effectuate decisions of Commerce on the assessment of antidumping duties are not protestable decisions under 19 U.S.C. § 1514.  *Mitsubishi Electronics America, Inc. v. United States*, 44 F. 3d 973, 976-77 (Fed. Cir. 1994) ("*Mitsubishi*") ("[T]itle 19 makes clear that Customs does not make any section 1514 antidumping 'decisions,'" as "Customs cannot modify . . . [Commerce's] determinations, their underlying facts, or their enforcement.").

    Plaintiff concedes that the assessment of antidumping duties effected by Customs upon liquidation of Celta's entry occurred at the direction of Commerce.  Compl. ¶ 13 ("Based on the instructions from [Commerce], Customs liquidated the entry at issue on March 30, 2007 with [antidumping duties] assessed at the "All others" rate of 17.21% . . .").  Celta also concedes that its protest was "made on the grounds that the Department's liquidation instructions to Customs . . . was [*sic*] not in accordance with law."  *Id.* ¶ 15.  Moreover, all three of plaintiff's claims are directed solely to the Department's liquidation instructions; none brings a challenge to a non-ministerial decision made by a Customs official.  Claim One alleges that the Department's liquidation instructions are arbitrary, capricious, an abuse of discretion, not supported by substantial evidence on the record, and otherwise not in accordance with law as violative of the antidumping statute and the Department's regulations.  *Id.* ¶¶ 18-23.  Claim Two alleges that the liquidation instructions were unreasonable based on the facts and circumstances of this case and do not advance the Department's stated policy goal of discouraging margin shopping, as there

was no evidence Celta engaged in such a practice with respect to the imported merchandise.  *Id.*

¶¶ 25-28.  Claim Three alleges that Commerce's liquidation instructions were improper and not

in accordance with law because the Department failed to make the necessary determinations to

support applying the "all others" rate to the subject entry.  *Id.*  ¶¶ 30-35.  In summary, it is

readily apparent from the complaint that plaintiff is not challenging any non-ministerial decision

by Customs and instead directs all of its claims to the liquidation instructions issued by

Commerce.  Therefore, jurisdiction may not be had under 28 U.S.C. § 1581(a).

     In its response to the government's motion to dismiss, plaintiff attempts to recast its

administrative protest as a challenge to a non-ministerial Customs decision by asserting that it

was "CBP's decision not to assess the company-specific JSCLM rate calculated by Commerce."

Pl.'s Resp. 6.  Celta maintains that "the record does not support the government's assumption" of

the existence of "an affirmative, in effect preemptive, determination or decision by Commerce

that serves to render CPB's role in the process of assessing the disputed duties on the entry at

issue as passive or ministerial . . . ," adding that the only determination Commerce made in the

fourth administrative review "covering the entry at issue" was the company-specific rate

Commerce assigned to JSCLM.  *Id.*  Plaintiff asserts, in conclusion, that "here there is no such

decision or determination by Commerce, and CBP's actions were more than ministerial."  *Id.*

at 8.

     Plaintiff's argument is puzzling in that plaintiff's own complaint admits of the existence

of instructions by Commerce, issued after completion of the review, that were the basis for the

liquidation by Customs of Celta's entry at the "all-others" rate.  Compl. ¶ 13 ("Based on

instructions from the DOC, Customs liquidated the entry at issue on March 30, 2007 with AD

duties assessed at the 'All others' rate of 17.21%").  As to those instructions, plaintiff argues that

"the liquidation instructions from Commerce, which name two importers for which Commerce

calculated specific antidumping duty rates, make no mention of Celta . . . [and] it fell to CBP to

determine that Celta's entry should be assessed antidumping duties, to decide what rate to apply,

to calculate the amount of the duty and to order liquidation on that basis."  Pl.'s Resp. 7.

Plaintiff's elaborate characterization of CBP's determinations in liquidating the entry does not

suffice to establish that these determinations were anything but ministerial.  And plaintiff's

alluding to these determinations in its response to the motion to dismiss cannot be squared with

the complaint, which admits that the protest Celta filed with Customs "was made on the grounds

that the Department's liquidation instructions . . . direct[ed] Customs to liquidate the subject

entry . . . at the non-specific 'All others' rate."  Compl. ¶ 15.

        Plaintiff attempts to bolster its jurisdictional argument by contending that "it is well

established that Commerce's liquidation instructions are not a contestable or reviewable

Commerce decision or determination."  Pl.'s Resp. 7 (citing *Consol. Bearings Co. v. United

States*, 348 F.3d 997, 1002 (Fed. Cir. 2003); *Parkdale Int'l, Ltd. v. United States*, 31 CIT 720,

724, 491 F. Supp. 2d 1262, 1268 (2007); *J.S. Stone, Inc. v. United States*, 27 CIT 1688, 1692-93,

297 F. Supp. 2d 1333, 1339 (2003)).  This contention is a misstatement of the law and a

misreading of the applicable precedent.  It is well established that judicial review of liquidation

instructions issued by Commerce may be had in this Court, pursuant to this Court's residual

jurisdiction, as granted by 28 U.S.C. § 1581(i).  *See Shinyei Corp. of Am. v. United States*, 355

F.3d 1297, 1304-05, 1309 (Fed. Cir. 2004) (concluding that § 1581(i) jurisdiction is available for

plaintiff "seeking a writ of mandamus ordering liquidation of its entries at the rate it thought it

was entitled to"); *Consol. Bearings Co.*, 348 F.3d at 1002 ("[A]n action challenging Commerce's

liquidation instructions is not a challenge to the final results, but a challenge to the

'administration and enforcement' of those final results. . . .  Thus, . . . [s]ection 1581(i)(4) grants

jurisdiction to such an action.").

Next, plaintiff grounds a jurisdictional argument in the 2004 amendment to 19 U.S.C.

§ 1514(a), which, in plaintiff's view, expanded the scope of protestable Customs decisions to

include non-substantive determinations, including "'any clerical error, mistake of fact, or other

inadvertence' pertaining to the enumerated categories in § 1514(a)(1)-(7) that is adverse to the

importer."  Pl.'s Resp. 8-9 (quoting 19 U.S.C. § 1514(a)).  Plaintiff posits that because the statute

was amended to include within the protest procedures clerical errors and mistakes of fact, the

1994 decision of the Court of Appeals in *Mitsubishi* may no longer be good law.  *Id*. at 9.  This

argument is meritless.  Prior to the 1994 amendment, the Tariff Act, in Section 520(c), provided

a separate procedure by which an importer could obtain relief from "a clerical error, mistake of

fact, or other inadvertence not amounting to an error in the construction of a law."  *See* Tariff

Act, §520(c)(1), 19 U.S.C. § 1520(c)(1) (2000).  The 2004 amendment repealed Section 520(c),

folded the procedure of that section into the protest procedure of Section 514 of the Tariff Act,

and dispensed with the requirement that the error or inadvertence not amount to an error in the

construction of a law.  19 U.S.C. § 1514(a).  Nothing in the changes brought about by the 2004

amendment to the Tariff Act indicates a congressional intent to allow an importer to challenge,

through the protest procedure, liquidation instructions issued by Commerce under the

antidumping laws.

In arguing for jurisdiction under 28 U.S.C. § 1581(a), plaintiff also cites *Shinyei Corp. of*

*Am. v. United States*, 524 F.3d 1274, 1277 (2008) ("*Shinyei II*"), in which the Court of Appeals

stated that "[a]n importer who believes that Customs has erred in liquidating the importer's

entries (for example, by collecting higher duties than were actually due) may file an

administrative protest with Customs after liquidation . . .[and] [i]f Customs denies the protest, the

importer may contest the denial in the Court of International Trade."  Plaintiff's reliance on

*Shinyei II* is unavailing.  As the opinion in that case makes clear, an importer may resort to the

protest procedure when Customs has erred in carrying out liquidation instructions issued by

Commerce.  According to the facts Celta has pled, the alleged error was made by Commerce, not

Customs.

      Additionally, plaintiff cites language appearing in *Koyo Corp. of USA v. United States*,

29 CIT 1354,1358, 403 F. Supp. 2d 1305, 1309 (2005), *aff'd in part, vacated in part, remanded

by* 497 F.3d 123 (Fed. Cir. 2007), which language stated that "[i]f a deemed liquidation or any

liquidation is adverse to an importer, it has protest remedies under 19 U.S.C. § 1514 and access

to judicial review under 28 U.S.C. § 1581(a)."  *Id.*, 29 CIT at 1358, 403 F. Supp. 2d. at 1309

(citation omitted).  Plaintiff misconstrues the quoted language, which discusses a deemed

liquidation under 19 U.S.C. § 1504(d) as well as "any liquidation" that "is adverse to an

importer."  Deemed liquidations occurring under 19 U.S.C. § 1504(d) are, by definition, errors

by Customs, not Commerce.  With respect to either deemed or ordinary liquidations, the

language in *Koyo* may not be construed permissibly to mean that an importer has recourse to the

protest procedure to challenge an error by Commerce rather than an error by Customs.

      Plaintiff's response also argues in support of § 1581(a) jurisdiction on the basis of the

1979 reorganization that transferred administering authority for the antidumping laws from the

Department of the Treasury to the Department of Commerce.  As Celta contends, "[t]here is

nothing in the language of either the instrument of transfer, *Reorganization Plan No. 3 of 1979*,

44 Fed. Reg. 69,273 (Office of the President Dec. 3, 1979), § 5(a)(1), or [19 U.S.C.] § 1514(a) to

indicate that the transfer of certain antidumping functions and authorities to Commerce deprived

CBP of the ability to make decisions within the meaning of § 1514(a) in those areas of the antidumping process such as the assessment, liquidation and collection of duties where it retained authority and responsibility." Pl.'s Rep. 11. Plaintiff's argument incorrectly presumes that CBP was once granted, and today possesses, delegated authority over the assessment of antidumping duties such that the protest Celta filed with CBP contested a protestable decision. Such is not the case. Prior to the 1979 reorganization, the authority to administer the antidumping laws was exercised by the Secretary of the Treasury, not the predecessor to CPB, the U.S. Customs Service. *Reorganization Plan No. 3 of 1979*, 44 Fed. Reg. 69,273, 69,274-75. As does plaintiff's other arguments, this argument overlooks the point that the true nature of the protest claim, and of the three claims raised before the court, was a challenge to the Department's liquidation instructions, not an error by Customs in carrying out those instructions. The premise underlying this argument is refuted by the holding in *Mitsubishi*, 44 F. 3d at 976-77.

Plaintiff's final argument is that the court should exercise jurisdiction over this action according to § 1581(a) because "the totality of facts and circumstances gives rise to considerations of equity and fairness." Pl.'s Resp. 11. The facts asserted in plaintiff's complaint leave no ground upon which the court may invoke equitable considerations permitting the exercise of jurisdiction under § 1581(a) or, for that matter, under § 1581(i).

B.  The Court May Not Exercise Jurisdiction under 28 U.S.C. § 1581(i) because Plaintiff's
Action Is Barred by the Statute of Limitations

As the court discussed previously, challenges to liquidation instructions issued by Commerce under the antidumping duty laws have been held to be within the jurisdiction granted

to the Court of International Trade pursuant to 28 U.S.C. § 1581(i).[3]  *Consol. Bearings, Co.*, 348

F.3d at 1002.  Actions brought pursuant to 28 U.S.C. § 1581(i) are subject to a two-year statute

of limitations.  28 U.S.C. § 2636(i).  The statute of limitations set forth in § 2636(i) has been

considered to be jurisdictional, as it conditions the waiver of sovereign immunity.  *See SKF USA,*

*Inc. v. U.S. Customs and Border Protection*, 556 F.3d 1337, 1348 (assuming without deciding

that the statute is jurisdictional under the test set forth in *John R. Sand & Gravel Co. v. United*

*States*, 552 U.S. 130 (2008)).  In this case, plaintiff failed to bring suit within two years of the

date on which its cause of action accrued, and accordingly this action must be dismissed for lack

of jurisdiction.

A cause of action accrues at the earliest time a plaintiff could have brought suit.  *See Hair*

*v. United States*, 350 F. 3d 1253, 1260 (Fed. Cir. 2003) (citation omitted).  The cause of action in

this case accrued no later than June 29, 2007.  According to paragraph 15 of the complaint, it

was on that date that Celta filed its protest with Customs, which, according to that paragraph,

"was made on the grounds that Department's liquidation instructions to Customs . . . was [*sic*]

not in accordance with law."  Compl. ¶ 15.  As Paragraph 15 acknowledges, plaintiff not only

knew, as of that date, that the liquidation being challenged was made according to the

Department's liquidation instructions but also knew of the substance of the liquidation

instructions as it related to the reason why Celta's entry was liquidated at the 17.21% "all others"

rate, *i.e.*, that is, the application of the Department's "intermediary or reseller" policy.  *See id*.

---

[3] Under 28 U.S.C. § 1581(i)(4), this court has jurisdiction to hear "civil actions against
the United States, its agencies, or its officers, that arises out of any law of the United States
providing for . . . [the] administration and enforcement with respect to the matters referred to in
[28 U.S.C. § 1581(i)(1)-(3)] or [28 U.S.C. § 1581(a)-(h)]."  Customs Courts Act of 1980, § 201,
28 USC § 1581(i) (2006).

¶¶ 13, 15.[4]  According to its own complaint, plaintiff had by June 29, 2007 sufficient knowledge

to commence an action challenging the liquidation instructions on essentially the ground asserted

in this action.[5]  An action within the jurisdictional grant of 28 U.S.C. § 1581(i) "shall be

commenced by filing concurrently with the clerk of the court a summons and complaint, with the

content and in the form, manner, and style prescribed by the rules of the court."  28 U.S.C.

§ 2632(a).  Neither the summons, filed on June 2, 2010, nor the complaint, filed on May 23,

2011, were filed within the two-year period beginning on June 29, 2007.  Both must be filed

within the two-year period in order to commence a timely action, which plaintiff failed to do.

28 U.S.C. §§ 2632(a), 2636(i).[6]

---

[4] In its entirety, Paragraph 15 of the complaint reads as follows:

On June 29, 2007, Celta filed a protest to this liquidation with the Customs
Director for the port of San Juan, Puerto Rico. The protest was made on grounds that the
Department's liquidation instructions to Customs, based on its policy with respect to
assessment of AD duties [on] imports of merchandise acquired through an intermediary
or reseller, see *Notice of Policy Concerning the Assessment of Antidumping Duties*, 68
Fed. Reg. 23954 (May 6, 2003) (the "Assessment Notice"), directing Customs to
liquidate the subject entry of merchandise manufactured by JSCLM, which had been
assessed its own company-specific rate in the same administrative review, at the non-
specific "All others" rate unrelated to that merchandise and not based on the results of the
review was [sic] not in accordance with law.

Compl. ¶ 15 (May 23, 2011), ECF No. 19.

[5] Plaintiff suggests in its response that it did not have sufficient knowledge to challenge
the liquidation instructions at the time of its protest.  *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 3
(Jul. 25, 2012), ECF No. 37 ("While Celta surmised for purposes of its protest that the
Commerce [intermediary or reseller policy] may provide some explanation . . . it is not possible
to determine from the available record whether this was in fact the reason for the protested
assessment.").  Plaintiff's suggestion is at odds with the facts plaintiff admitted in its own
complaint.  *See* Compl. ¶ 15.

[6] Defendant urges dismissal for plaintiff's failure to meet the requirement, set forth in
28 U.S.C. § 2632(a), of concurrent filing of a summons and a complaint, citing various opinions
of this Court that defendant characterizes as holding that the concurrent filing of a summons and
(continued…)

### III. CONCLUSION

In conclusion, the court lacks jurisdiction to hear this case under 28 U.S.C. § 1581(a) because the cause of action did not arise from the denial of a valid administrative protest made under Section 514 of the Tariff Act.  By operation of 28 U.S.C. § 2636(i), any action that may have been brought to challenge the liquidation instructions became time-barred no later than two years after June 29, 2007, the latest date upon which plaintiff's cause of action could have accrued.  The court will enter judgment dismissing this action for lack of subject matter jurisdiction.

                                                            /s/ Timothy C. Stanceu
                                                            Timothy C. Stanceu
                                                            Judge

Dated: October 9, 2012
        New York, New York

---

(continued…)
complaint is a jurisdictional requirement.  Def.'s Mem. 10-13 (citations omitted).  Because neither the summons nor the complaint was filed within the two-year period of the statute of limitations, the court does not reach the issue of whether concurrent filing was required in order to establish jurisdiction under 28 U.S.C. § 1581(i).

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**CELTA AGENCIES, INC.,**

Plaintiff,

v.

**UNITED STATES**,

Defendant.

Before: Timothy C. Stanceu, Judge

Court No. 10-00168

**<u>JUDGMENT</u>**

Upon the court's review of plaintiff's complaint, the motion to dismiss by defendant

United States, and all relevant papers and proceedings had herein, in accordance with the court's

Opinion in this case, and upon due deliberation, it is hereby

**ORDERED** that defendant's motion to dismiss be, and hereby is, granted; and it is
further

**ORDERED** that this action be, and hereby is, dismissed according to USCIT
Rule 12(b)(1).

<u>/s/ Timothy C. Stanceu</u>
Timothy C. Stanceu
Judge

Dated: October 9, 2012
   New York, New York